UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2023

----------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

vs.

JOHN DOE subscriber assigned IP address
108.6.80.47,

                Defendant.

----------------------------------------------------------------X

Case No. 1:23-cv-02192-CM

Judge McMahon

### ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

Plaintiff established that "good cause" exists for it to serve a third party subpoena on Verizon Internet Services (hereinafter the "ISP"). *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) (same); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (same).

1.    Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address, but not the telephone number or e-mail address, of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2. Within seven days of service of each subpoena, the ISP shall reasonably attempt to identify the John Doe sued, and provide that John Doe (not plaintiff) with a copy of the subpoena and a copy of this order (which plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify plaintiff's counsel in writing, so that a record can be kept for review by the Court.

3. An ISP may move to quash or otherwise object to any subpoena within 21 days. Similarly, the potential defendant shall have 21 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

4. Absent motions to quash, the ISPs shall produce the information sought to the Court, not to Plaintiff, within 21 days after notifying each defendant as aforesaid. Such submission shall be ex parte and under seal. The information will be disclosed to plaintiff's counsel by the Court. No such disclosure shall include any email addresses or telephone numbers.

5. Plaintiff may use the information disclosed, once it is received by Plaintiff's counsel, only for the purpose of litigating the instant case.

6. Considering the sensitive nature of Plaintiffs allegations that the John Doe Defendant unlawfully downloaded adult movies, and being duly advised that Plaintiff does not oppose the entry of this Order, the Court hereby finds good cause exists for the Defendant to proceed anonymously in this lawsuit. The Court directs that the John Doe Defendant shall not be publicly identified by his or her true name or other identifying information, as the Defendant in this action, until further order of the Court. *See* Fed. R. Civ. P. 26(c) (permitting a court to enter a protective order to "protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense"). Plaintiff and Defendant's ISP are prohibited from publicly disclosing John Doe's personal identifying information absent further order by the Court.

**DONE AND ORDERED** this 1 day of May, 2023.

By: _____
Hon. Colleen McMahon
**UNITED STATES DISTRICT JUDGE**

3